```
 1            UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF TEXAS
 2                 SHERMAN DIVISION

 3   UNITED STATES OF AMERICA  |  DOCKET 4:13CR176-4
                               |
 4                             |  AUGUST 31, 2015
     VS.                       |
 5                             |  10:17 A.M.
                               |
 6   LISA TUMLINSON            |  BEAUMONT, TEXAS

 7   -----------------------------------------------------------

 8          VOLUME 1 OF 1, PAGES 1 THROUGH 12

 9        REPORTER'S TRANSCRIPT OF SENTENCING HEARING

10         BEFORE THE HONORABLE MARCIA A. CRONE,
              UNITED STATES DISTRICT JUDGE
11
     -----------------------------------------------------------
12

13

14   FOR THE GOVERNMENT:    G.R. JACKSON
                            U.S. ATTORNEY'S OFFICE - PLANO
15                          101 E. PARK BOULEVARD, SUITE 500
                            PLANO, TEXAS  75074
16

17
     FOR THE DEFENDANT:     KEVIN BLAKE ROSS
18                          LAW OFFICE OF KEVIN B. ROSS, PC
                            8150 N. CENTRAL EXPRESSWAY
19                          SUITE 601
                            DALLAS, TEXAS  75206
20

21
     COURT REPORTER:        CHRISTINA L. BICKHAM, CRR, RMR
22                          FEDERAL OFFICIAL REPORTER
                            300 WILLOW, SUITE 221
23                          BEAUMONT, TEXAS  77701

24

25     PROCEEDINGS RECORDED USING COMPUTERIZED STENOTYPE;
     TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
```

1                    (OPEN COURT, DEFENDANT PRESENT.)

2                    THE COURT:  This is Case No. 4:13cr176,

3    Defendant 4, *United States of America versus Lisa*

4    *Tumlinson*.

5                    Are you ready to proceed?

6                    MR. JACKSON:  Good morning.  Glenn Jackson for

7    the United States.  We're ready to proceed, your Honor.

8                    MR. ROSS:  Good morning, your Honor.  Kevin

9    Ross for Ms. Tumlinson, and we are ready to proceed.

10                    THE COURT:  Has the defendant signed the video

11   waiver form?

12                    MR. ROSS:  Yes, she has, your Honor.

13                    THE COURT:  All right.  Have counsel and the

14   defendant read and discussed the presentence report,

15   including any revisions?

16                    MR. ROSS:  We have, your Honor.

17                    THE COURT:  And has counsel fully explained

18   the report to the defendant?

19                    MR. ROSS:  Yes, your Honor.

20                    THE COURT:  Ms. Tumlinson, do you fully

21   understand the presentence report?

22                    THE DEFENDANT:  Yes, your Honor.

23                    THE COURT:  Does counsel for defendant wish to

24   make any comments, additions, or corrections to the

25   report?

1          MR. ROSS:  No, your Honor, we do not.

2          THE COURT:  And, Ms. Tumlinson, does the

3    report adequately cover your background?

4          THE DEFENDANT:  Yes, your Honor, it does.

5          THE COURT:  Has the government read the

6    report; and does it wish to make any comments, additions,

7    or corrections?

8          MR. JACKSON:  I have read the report.  I have

9    no comments, additions, or corrections.

10          THE COURT:  And no objections were filed; is

11    that correct?

12          MR. ROSS:  That's correct, your Honor.

13          THE COURT:  To the extent the court previously

14    deferred acceptance of the plea agreement, it is now

15    accepted.

16          The court finds that the information contained

17    in the presentence report has sufficient indicia of

18    reliability to support its probable accuracy.  The court

19    adopts the factual findings, undisputed facts, and

20    guideline applications in the presentence report.  Based

21    upon a preponderance of the evidence presented and the

22    facts in the report, while viewing the sentencing

23    guidelines as advisory, the court concludes that the

24    total offense level is 12.  The criminal history level is

25    1, which provides for an advisory guideline range of 10

1  to 16 months.  Does defendant's counsel wish to make any

2  remarks on behalf of the defendant?

3          MR. ROSS:  Yes, your Honor.

4          Your Honor, I have had the privilege of

5  representing and working with Ms. Tumlinson for over two

6  years in regards to this case; and throughout that period

7  of time, Ms. Tumlinson has demonstrated her understanding

8  of the seriousness of the offense.  She has genuinely

9  expressed remorse; but at the same time, your Honor, she

10 has also allowed this offense not to define her.

11         It's clear through the presentence report -- I

12 would direct the court's attention to paragraph 57 --

13 that as of May of 2013, she was able to find employment

14 in another medical office, Carter, Hays, Martin &

15 Associates.  I think it is noteworthy in paragraph 57,

16 when contacted by probation, her employer stated that she

17 has done well and that they are aware of the pending

18 charges against her and the nature of those but, quote,

19 it's not affected her performance or our perception of

20 her.

21         And she has continued to demonstrate that she

22 can be a model citizen.  She's been on pretrial release

23 for these two years and done exceptionally well, your

24 Honor.  She has been cooperative with the government.  We

25 submitted numerous character letters on her behalf that

1  not only show her past accomplishments, having numerous

2  accolades throughout her schooling, but also her present

3  state.  If you refer to the letter by Dr. Amy Martin of

4  Carter, Hays, Martin & Associates speaking to

5  Ms. Tumlinson as being -- having proven herself reliable

6  and prompt, gentle and kind in nature with patients,

7  cooperates well with the team.  And then after working

8  with her side-by-side for a number of months, she found

9  Lisa to ask appropriate questions and function only

10 within the boundaries of her job description.

11        Your Honor, she has learned from this

12 experience.  She went into working with this clinic with

13 Dr. Niamatali young and naive.  It was her first medical

14 assistant's job.  She made a mistake.  She didn't at the

15 time have the fortitude to say "no" to Dr. Niamatali and

16 did falsify some patient charts based on what he had told

17 her to do.  That is in no way minimizing her

18 responsibility in this, your Honor; but it's providing

19 some context to it.

20        So, I would ask the court to consider -- we

21 had filed a motion for downward variance, your Honor.

22 We're asking that the court consider a probationary

23 sentence in this case.  We believe that this case is one

24 in which Ms. Tumlinson not only has demonstrated that she

25 can be a good candidate for probation but that she can

1 abide by the terms and conditions of probation.  But at

2 the same time, your Honor, she will be able to maintain

3 her employment that, as the court knows, is so difficult

4 to find once you have a felony conviction upon you,

5 especially even in this nature.  But she has overcome

6 that.  She has a job.  They are willing to allow her to

7 stay in that employment.  And, your Honor, if she were

8 sentenced to a sentence of imprisonment -- I understand

9 that there is a recommendation of a split sentence for

10 five months, but that would effectively cost her her job

11 and everything that she has worked for for these two

12 years while this was pending.  So, we would ask for that

13 consideration, your Honor, in imposing sentence.

14          THE COURT:  Does the government wish to

15 respond?

16          MR. JACKSON:  Briefly, your Honor.

17          I will confirm that Ms. Tumlinson has been

18 very cooperative.  I also agree with Mr. Ross'

19 characterization that in large part what she did was at

20 the direction of the lead defendant, Dr. Niamatali.

21 Notwithstanding that, we do oppose the motion for

22 variance.  There is no factual or legal reason to take

23 this case outside of the guidelines.  We would request a

24 sentence at the bottom of the guidelines, however, your

25 Honor.  That's all.

1        THE COURT:  All right.  Motion for variance is

2   denied.  This is a drug trafficking crime.  It's

3   prescription drugs.  I think there is a big problem with

4   prescription drugs.  People aren't taking it very

5   seriously, and we're getting a lot of these prescriptions

6   willy-nilly.  And apparently she really promoted that

7   ability because she participated by falsifying patient

8   charts and -- at a medical practice that was providing

9   hydrocodone, alprazolam, and promethazine with codeine

10  that was not medically indicated.  So, that's denied.

11       Does defendant's counsel wish to make any

12  further remarks?

13       MR. ROSS:  Not at this time; but Ms. Tumlinson

14  would like to make a statement, your Honor.

15       THE COURT:  All right.  If defendant wishes to

16  make a statement, go ahead.

17       THE DEFENDANT:  Good morning, Judge Crone.

18  I've come before you today to further accept

19  responsibility for my actions.  I am truly apologetic for

20  all that I have done that has gotten me in the

21  predicament that I am in today.  I can assure you, your

22  Honor, that I will do everything within my power to make

23  sure that this situation does not recur; and if for any

24  reason I feel that questionable things are taking place,

25  I will remove myself from that office setting and report

1  all of these actions to the proper authorities

2  immediately.

3          After leaving the employment of Dr. Niamatali

4  and starting in the practice that I am currently with, my

5  eyes have been opened to how a professional, well-managed

6  medical office should operate.  I feel enlivened with the

7  day-to-day exhilaration that comes with working in an

8  obstetrics and gynecology office.

9          Your Honor, I'm asking for leniency with a

10  probationary sentence based on my prior instantaneous

11  cooperation which initially began with my surrender into

12  custody in July of 2013; and that will continue as long

13  as I am needed to assist the government in any way

14  necessary to accommodate the successful resolution of

15  this case.

16          I hope that I may be granted the ability to

17  obtain my life's goal by continuing my education in the

18  medical field by pursuing a career as a registered nurse.

19  By doing so, I may achieve my highest goal of working in

20  Baylor Labor and Delivery Department.

21          Thank you, your Honor.  I'm grateful for the

22  opportunity you have given me to present my allocution

23  statement before you today.  I am appreciative of your

24  consideration, time, and understanding in the resolution

25  of my case.

THE COURT:  All right.  Does the attorney for the government wish to make any further remarks?

MR. JACKSON:  No further remarks, your Honor.

THE COURT:  Does counsel know of any reason why sentence should not be imposed at this time?

MR. ROSS:  No, your Honor.

MR. JACKSON:  No, your Honor.

THE COURT:  Pursuant to the Sentencing Reform Act of 1984, having considered the factors noted in 18 USC, Section 3553(a), and after having consulted the advisory sentencing guidelines, it is the judgment of the court that the Defendant Lisa Tumlinson is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 10 months on Count 1 of the indictment.

The court finds the defendant does not have the ability to pay a fine.  The court will waive the fine in this case.

It is noted the defendant shall pay the United States a special assessment of $100.

Upon release from imprisonment, the defendant shall be on supervised release for a term of one year. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

1    Defendant shall not commit another federal,
2  state, or local crime and shall comply with the standard
3  conditions that have been adopted by this court.  In
4  addition, the defendant shall comply with the mandatory
5  and special conditions set forth in the defendant's
6  presentence report.

7    The court has decided against the imposition
8  of a split sentence and as such there is no special
9  condition of supervised release requiring any term of
10 home confinement.

11    The court finds this to be a reasonable
12 sentence in view of the nature and circumstances of the
13 offense entailing the defendant's participation in a drug
14 trafficking conspiracy involving the distribution of
15 hydrocodone, alprazolam, and promethazine with codeine,
16 her knowing that a codefendant was selling numerous
17 dosage units of these drugs to patients for cash, and her
18 furthering this unlawful activity by falsifying patient
19 charts, her relatively minor role in the offense, and her
20 history of substance abuse.  It will serve as just
21 punishment, promote respect for the law, and deter future
22 violations of the law.

23    You have a right to appeal your conviction if
24 you believe that your guilty plea was somehow unlawful or
25 involuntary or if there was some other fundamental defect

1  in the proceedings that was not waived by your guilty

2  plea.

3          You have a statutory right to appeal your

4  sentence under certain circumstances, particularly if you

5  think the sentence is contrary to law.  A defendant,

6  however, may waive those rights as part of a plea

7  agreement; and you've entered into a plea agreement which

8  waives certain rights to appeal your conviction and

9  sentence.  With the exception of the reservation of the

10 right to appeal on specified grounds set forth in the

11 plea agreement, you've waived any appeal, including

12 collateral appeal, of any error which may have occurred

13 surrounding the substance, procedure, or form of the

14 conviction and sentence in this case.  Such waivers are

15 generally enforceable; but if you believe the waiver as

16 unenforceable, you can present that theory to the

17 appellate court.  With few exceptions any notice of

18 appeal must be filed within 14 days of judgment being

19 entered in your case.

20          If you are unable to pay cost for appeal, you

21 may apply for leave to file *informa pauperis*.  If you so

22 request, the clerk of the court will prepare and file a

23 notice of appeal on your behalf.

24          The presentence report is made a part of the

25 record and is to be placed under seal except counsel for

1 government and defense may have access to it for purposes

2 of appeal.

3              Were there any other counts?

4              MR. JACKSON:  No, your Honor.

5              THE COURT:  All right.  And then I'll let

6 Ms. Tumlinson surrender two weeks of today, so

7 September 14th.

8              And is there a particular facility you wish to

9 request?

10              MR. ROSS:  I believe we requested Fort Worth,

11 your Honor, Carswell.

12              THE COURT:  Carswell.  All right.  I'll

13 recommend that.

14              Thank you.  If there is nothing further, then

15 you are excused.

16              (Proceedings concluded, 10:30 a.m.)

17 COURT REPORTER'S CERTIFICATION

18              I HEREBY CERTIFY THAT ON THIS DATE, JULY 12,

19 2016, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

20 RECORD OF PROCEEDINGS.

21
       _Christina Bickham_
       CHRISTINA L. BICKHAM,    CRR,    RMR

23

24

25