UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 4:13-CR-00176-MAC-DDB-4 |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | Plano, Texas |
| | ) | |
| LISA TUMLINSON, | ) | Tuesday, April 21, 2015 |
| | ) | (11:11 a.m. to 11:20 a.m.) |
| Defendant. | ) | |

PLEA HEARING

BEFORE THE HONORABLE DON D. BUSH,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:         ERNEST GONZALEZ, ESQ.
                       U.S. Attorney's Office - Plano
                       101 East Park Blvd
                       Suite 500
                       Plano, TX 75074

For Defendant:         KEVIN B. ROSS, ESQ.
                       8150 N. Central Expressway, Suite 601
                       Dallas, TX 75206

Court Reporter:        Recorded; Digital

Courtroom Deputy:      Toya McEwen

Transcriber:           Exceptional Reporting Services, Inc.
                       P.O. Box 18668
                       Corpus Christi, TX 78480-8668
                       361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

| | |
|---|---|
| 1 | **Plano, Texas; Tuesday, April 21, 2015; 11:11 a.m.** |
| 2 | (Call to Order) |
| 3 | **THE COURT:** Well, that leaves us with Mr. Ross' |
| 4 | client, Ms. Tumlinson. |
| 5 | **MR. ROSS:** Good morning, your Honor. |
| 6 | **THE COURT:** Good morning, sir. |
| 7 | All right, let me have Ms. Tumlinson sworn in. |
| 8 | **THE CLERK:** If you'll raise your right hand, please. |
| 9 | **(Defendant sworn)** |
| 10 | **THE COURT:** All right. I need your full name, |
| 11 | please. |
| 12 | **THE DEFENDANT:** Lisa Nicole Tumlinson Ruiz. |
| 13 | **THE COURT:** All right. Now, you've indicated your |
| 14 | desire to plead guilty here. Have you received a copy of the |
| 15 | latest indictment? Do you understand what you are charged |
| 16 | with? |
| 17 | **THE DEFENDANT:** Yes, your Honor. |
| 18 | **THE COURT:** I've had you sign a consent form. I've |
| 19 | gone over that form. Do you understand your rights including |
| 20 | your right to give your plea in front of me here today? |
| 21 | **THE DEFENDANT:** Yes, your Honor. |
| 22 | **THE COURT:** Now, are you taking any kind of |
| 23 | medication at this time that might interfere with your ability |
| 24 | to plead? |
| 25 | **THE DEFENDANT:** No, your Honor. |

1  **THE COURT:** Now, I do want to remind you that you've
2  been placed under oath. So it's important to tell the truth.
3  If you'd make a false statement, the Government could prosecute
4  you for perjury.
5  Now, I'll go over and explain some of your rights to
6  you. I've already explained to you in detail in writing but
7  I'm required to do this in open court. You have the right to
8  persist in a plea of not guilty. That's the plea you gave at
9  your arraignment. You have the right to a speedy and public
10 trial, the right to be tried by a jury or you could give up
11 that right and have the Court try your case without a jury.
12 You have the right to assistance of your lawyer
13 throughout these proceedings, including at trial. Now, are you
14 satisfied with the work done on your behalf by Mr. Ross?
15 **THE DEFENDANT:** Yes, your Honor.
16 **THE COURT:** At trial, you'd have the right to
17 confront and cross examine any witnesses against you, the right
18 to present a defense to the Government's charges, the right to
19 have witnesses subpoenaed to testify for you. You'd have the
20 right against compelled self-incrimination. That means you
21 cannot be forced to testify but if you want to testify, you
22 certainly have that right.
23 Do you understand those rights as I've gone over them
24 with you?
25 **THE DEFENDANT:** Yes, your Honor.

1  **THE COURT:** If you plead guilty, there'll be no
2  further trial. You'll be giving up these rights except, of
3  course, the right to continue the assistance of your lawyer.
4  Now, Mr. Gonzalez will explain the elements of the
5  offense to which you're pleading to. The Government has the
6  burden of proof beyond a reasonable doubt but by you pleading
7  guilty here today, you'll be admitting to each of the elements
8  of the offense. No further proof will be necessary.
9  All right, sir.
10  **MR. GONZALEZ:** The elements are as follows, your
11  Honor, that the Defendant and one or more persons in some way
12  or manner made an agreement to commit the crime charged in the
13  indictment, that is, conspiracy to distribute and possess with
14  the intent to distribute a controlled substance, that the
15  Defendant knew the unlawful purpose of the agreement and that
16  the Defendant joined in the agreement willfully, that is, with
17  the intent to further its unlawful purpose.
18  **THE COURT:** All right. Do you understand the
19  elements of the offense?
20  **THE DEFENDANT:** Yes, your Honor.
21  **THE COURT:** Now, I'm required to go over the amount
22  of maximum penalties you're looking at for a violation of this
23  particular statute. Prison for not more than ten years for a
24  Schedule III controlled substance, imprisonment for not more
25  than five years for a Schedule IV controlled substance and

1  imprisonment for not more than one year for a Schedule V
2  controlled substance. That would be a misdemeanor.
3        A fine of not more than $500,000 for a Schedule III
4  controlled substance, a fine of not more than $250,000 for a
5  Schedule IV controlled substance, and a fine of not more than a
6  hundred thousand dollars for a Schedule V controlled substance.
7        A term of Supervised Release of at least two years
8  for a Schedule III controlled substance, a term of Supervised
9  Release of at least one year for a Schedule IV controlled
10 substance, a term of Supervised Release of not more than one
11 year for a Schedule V controlled substance which all these
12 might be mandatory under the law but following a term of
13 imprisonment.
14       Now, there is a mandatory assessment of a hundred
15 dollars payable before sentencing but as to the Schedule V, I
16 believe that would only be $25 -- or is $10 for a misdemeanor?
17 A Schedule V is a misdemeanor. It's not a hundred dollars.
18 It's --
19       **MR. GONZALEZ:** I believe $25 is correct, your Honor,
20 for a misdemeanor.
21       **THE COURT:** For a misdemeanor.
22       **MR. GONZALEZ:** Yes, sir.
23       **THE COURT:** Forfeiture of property involving
24 forfeiture matters in this case?
25       **MR. GONZALEZ:** No, your Honor.

1 **THE COURT:** Restitution, cost of incarceration and
2 supervision.
3 All right. Do you understand that there are various
4 controlled substances set out in the regulations but if you
5 violate for Controlled Substance III, it's not more than ten.
6 If you violation for a IV, it's not more than five years and a
7 V, not more than a year?
8 **THE DEFENDANT:** Yes, your Honor.
9 **THE COURT:** Okay. I don't know what you're pleading
10 to but those are the ranges of punishment for the various
11 controlled substances.
12 All right. Have you pled guilty to a felony before?
13 **THE DEFENDANT:** No, your Honor.
14 **THE COURT:** Okay. If you plead guilty to a felony,
15 then you're giving up the right to vote, sit on a jury, hold
16 public office or ever possess a firearm. If you're pleading
17 guilty to a misdemeanor, then you're not giving up those
18 rights. Do you understand that?
19 **THE DEFENDANT:** Yes, your Honor.
20 **THE COURT:** Okay. Now, the Court can look at the
21 sentencing guidelines and try and determine the appropriate
22 range of punishment. I do want to remind you that those
23 guidelines are discretionary and they're not binding on the
24 Court. You, of course, have the right to appeal any sentence
25 imposed by the Court unless you waive or modify that in your

1  plea agreement.  I have a copy of your plea agreement and the
2  addendum.
3           Have you gone over these and do you understand the
4  consequences of your plea?
5           **THE DEFENDANT:**  Yes, your Honor.
6           **THE COURT:**  All right.  I'm not covering them in
7  detail.  I will remind you that any stipulations you may have
8  with the Government, the Court is not bound by those.  There
9  can be other offense characteristics or guideline adjustments
10 that might increase or decrease the appropriate base offense
11 level and, therefore, the sentencing level.
12          Now, in your plea agreement, you've represented that
13 your plea is freely and voluntarily made, that no one has
14 forced you, threatened you or made any promises to you other
15 than what may be in the plea agreement.  Is that true?
16          **THE DEFENDANT:**  Yes, your Honor.
17          **THE COURT:**  Mr. Ross, has your client been competent
18 and able to cooperate with you?
19          **MR. ROSS:**  Yes, your Honor.
20          **THE COURT:**  And do you think she fully understands
21 her plea agreement?
22          **MR. ROSS:**  I do, your Honor.
23          **THE COURT:**  Now, you're giving up the right to appeal
24 your conviction, the sentence, fine or restitution or
25 forfeiture on all grounds.  You won't contest those matters in

1  any post-conviction proceeding.  You are keeping to yourself
2  the right to appeal any punishment imposed in excess of the
3  statutory maximum, whatever that may be, or you also reserve
4  the right to appeal or seek collateral review of a claim of
5  ineffective assistance of counsel.
6        Now, do you understand those are very narrow issues
7  of appeal?
8        **THE DEFENDANT:** Yes, your Honor.
9        **THE COURT:** Okay.  Then I'll have your plea
10 agreement, consent form, statement of facts and addendum
11 entered into the record.
12       Now, in your statement of facts, you're representing
13 you're the person named in the indictment, these events
14 occurred in our district and elsewhere, that you or one or more
15 persons made an agreement to commit the crime charged against
16 you, that is, to knowingly and intentionally distribute and
17 possess with the intent to distribute controlled substances,
18 that you knew it was -- the unlawful purpose of the agreement
19 but you joined the agreement willfully, that is, with the
20 intent to further it, that you knew that a Habiboola Niamatali
21 unlawfully sold prescriptions for hydrocodone, alprazolam and
22 promethazine with codeine to patients -- it says in quote, "for
23 cash," that you furthered this unlawful activity by falsifying
24 patient charts.
25       Now, is that true and correct?

1         **THE DEFENDANT:** Yes, your Honor.

2         **THE COURT:** And how do you plead to Count One of the
3 indictment charging you with a violation of 21 U.S.C., Section
4 846, conspiracy to distribute and possess with the intent to
5 distribute controlled substances?

6         **THE DEFENDANT:** Guilty, your Honor.

7         **THE COURT:** All right. Then in the case of the
8 *United States of America versus Lisa Tumlinson*, Cause Number
9 4:13-CR-176.4, the Court will recommend that your plea be
10 accepted. I find you competent to plead at this time. You've
11 had able assistance of counsel. You understand your trial
12 rights, the nature of the charge against you, the maximum
13 penalties that can be given to you under a sentence in
14 connection with the indictment. You understand the Court will
15 refer to the sentencing guidelines. Again, those guidelines
16 are merely discretionary. I find that your plea is voluntary.
17 There is a factual basis for your plea and that the ends of
18 justice will be served by the acceptance of your plea of
19 guilty.

20         Is there anything further from the Government?

21         **MR. GONZALEZ:** No, your Honor, thank you.

22         **THE COURT:** All right. Mr. Ross, anything further?

23         **MR. ROSS:** Nothing further, your Honor.

24         **THE COURT:** All right. Ms. Tomlinson, remember,
25 you're still out on pretrial release. So it's important you

1  follow the terms and conditions.  Okay?
2           **THE DEFENDANT:**  Yes, your Honor.
3           **THE COURT:**  Okay.  Good luck to you.
4           **THE DEFENDANT:**  Thank you, sir.
5           **THE COURT:**  All right.
6           **MR. ROSS:**  Thank you, your Honor.
7           **THE COURT:**  Thank you, Mr. Ross.
8        **(This proceeding adjourned at 11:20 a.m.)**

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____        <u>July 14, 2016</u>

**TONI HUDSON, TRANSCRIBER**